No. 3619.—LOUISIANA STATE LOTTERY COMPANY *v.* CITY OF NEW ORLEANS.

The Legislature has the power under the Constitution to commute the taxes imposed on a corporation created by it, and thereby to relieve it from the payment of all other licenses or taxes by the State itself or by any municipality created and authorized by the Legislature to levy a license or tax on such corporation. The exemption of the Lottery Company, in its charter, from the payment of all other taxes and licenses, on its payment annually into the State treasury a certain amount for the benefit of the school fund, is not therefore in conflict with article 118 of the Constitution, which requires that taxation shall be equal and uniform throughout the State.

The doctrine announced in the case of the State Lottery Company v. A. Richoux et al., 23 An. page 743, deciding that the title to the act creating the Lottery Company was not in conflict with article 114 of the Constitution, which requires that the objects of every act must be expressed in its title, is reaffirmed by this decision, and it is again held that the title of said act sufficiently expresses its objects.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. Joseph P. Hornor,* for plaintiff and appellee. *Rufus Waples,* for city of New Orleans, appellant.

TALIAFERRO, J. The plaintiff obtained an injunction against the city and Police Board, complaining that the city by its agents and officials, and the Board of Metropolitan Police by its officers, were annoying the lottery company by persistently calling upon them and

their agents, demanding to see the licenses granted to them by the city, and that certain members of the police force of the Board of Metropolitan Police had illegally arrested two of the company's agents and closed their places of business, on the alleged ground that they had not taken out licenses from the city for carrying on their business. The plaintiff charges that by the president of the company the law exempting it from the payment of all municipal taxes and licenses were exhibited to the recorder who issued the warrants of arrest, and a release unconditionally of the persons arrested was demanded, but which was refused unless under bail.

The Board of Metropolitan Police answered by general denial. The answer of the city denies the exemption by law of the lottery company from the payment of any taxes and licenses to the city, and makes the points:

*First*—That the act of the Legislature under which the company sets up the immunity it claims, is unconstitutional and null, for the reason that the purpose and object of the act is not expressed by its title, as required by the Constitution of the State, article 114.

*Second*—That the act is violative of article 118 of the State Constitution, because it infringes the principle of equality and uniformity in the matter of imposing taxes, the plaintiff paying a fixed sum annually to the school fund, and paying nothing for the other purposes of government; that the Legislature under the Constitution is inhibited from exempting from taxation any species of property except such as is actually used for charitable, educational or religious purposes.

*Third*—That the act is in violation of article 2 of the State Constitution, for the reason that it grants certain rights to the plaintiff which are denied to other citizens of the State.

The city sets up a reconventional demand of $2500 against the plaintiff, alleged to be owing and due by the company for city licenses for the vending of lottery tickets.

There was judgment in favor of the plaintiff perpetuating the injunction, and the city has taken this appeal.

In relation to the first ground taken in defense, we had occasion recently to determine that the title of the act No. 25 of the session of 1868, entitled "An act to increase the revenues of the State, and to authorize the incorporation and establishment of the Louisiana Lottery Company, and to repeal certain acts now in force," is sufficiently expressive of the objects of the act. 23 An., page 743, Louisiana State Lottery Company v. A. Richoux et al.

Where the general scope and purpose of the legislator is apparent, and the objects embraced in a legislative act are indicated by its title in terms that convey to the mind the character of the act and the ends aimed at in establishing it, there is a sufficient compliance with the

provisions of article 114 of the Constitution. To require the objects of an act to be fully and succinctly declared in its title, would be to require its title to contain all that the act itself contained, an inconvenience incompatible with practical law making. If such a requirement were enforced, but few of the laws in our statute books could be held valid.

To the second ground of defense, that the act is in deregation of the equality and uniformity required in levying taxes, it may be said that the power of a State Legislature to impose what is known as a commutation tax, is a well recognized power, not only in our own jurisprudence, but generally. 11 An. 733; 9 Wallace 50; 17 Illinois 291; 30 Indiana 146. In the act under consideration, the Legislature has deemed it advisable to grant to the lottery company an exemption from all other taxation, except that of paying $40,000 per annum to the State for public education. On the commutation principle, we think the act is not violative of the Constitution. It is not clear that the city has any ground to object to this exemption by the State of the company it claims the right to require the payment of licenses from, the city being a municipal corporation and deriving its right to levy licenses from the State, and in this instance the right is withheld.

For these reasons we think the third ground taken in defense, as well as the reconventional demand set up by the defendant, are untenable.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

———

HOWELL, J., *concurring*. I concur in the conclusion in this case, on the grounds that the majority of this court have heretofore declared the title in question constitutional, and the city has no interest in raising the question as to the uniformity of taxation. The tax in this case is simply the price for a license to carry on the business of the corporation, and the act of incorporation expressly exempts it from "all other *licenses* of any kind whatever, whether from State, parish or municipal authorities." This takes from the city the power which it had under the general authority to levy license taxes, to impose a license tax on this company. Whether this can dispense with the necessity to obtain a license from the State, and whether the Legislature can commute taxes under the terms of article 118 of the Constitution of 1868, are questions upon which I think it unnecessary to express an opinion in this case.

Mr. Justice Howe concurs in the above opinion.